UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **MICHELLE MARTORANA** | **CIVIL ACTION NO. 15-2603-P** |
| **VERSUS** | **JUDGE HICKS** |
| **WARDEN JAMES ROGERS** | **MAGISTRATE JUDGE HORNSBY** |

### REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the court is a petition for writ of habeas corpus filed by pro se petitioner Michelle Martorana ("Petitioner"), pursuant to 28 U.S.C. §2254. This petition was received and filed in this court on October 28, 2015. Petitioner is incarcerated at the Louisiana Correctional Institute for Women in St. Gabriel, Louisiana. She challenges her state court conviction and sentence. She names Warden James Rogers as respondent.

On December 19, 2008, Petitioner pleaded guilty to one count of attempted second degree murder in the Louisiana Twenty-Sixth Judicial District Court, Parish of Bossier. On March 3, 2009, she was sentenced to 48 years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.

In support of this petition, Petitioner alleges (1) her sentence is illegal because the evidence does not support a crime of attempt, (2) her sentence is illegal because it is internally contradictory, (3) her sentence is illegal because it was imposed under a statute that is unconstitutional on its face and as applied, (4) her sentence is illegal because her guilty plea was invalid because of ineffective assistance of counsel, (5) her sentence is illegal because the statute is void for vagueness.

For the reasons that follow, Petitioner is not entitled to the relief requested and his petition should be dismissed because it is barred by the one-year limitation period of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244.

## LAW AND ANALYSIS

On April 24, 1996, the AEDPA amended 28 U.S.C. § 2244 to provide for a "1-year period of limitation [that] shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The limitation period runs from the latest of four possible dates, as follows[1]:

1. the date "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review";

2. the date "the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the

---

[1] The time during which a properly filed state post-conviction relief application or other collateral review is pending shall not be counted toward the period of limitations. See 28 U.S.C. § 2244(d)(2).

   applicant was prevented from filing by such State action";

3.  the date that "the constitutional right asserted was initially recognized by the Supreme Court," if it is newly recognized and made retroactively applicable; or

4.  the date "the factual predicate of the claim . . . presented could have been discovered through . . . due diligence." 28 U.S.C. § 2244 (d)(1).

Therefore, in order to determine whether a petitioner has filed a timely application, the court must allow the petitioner one year from the most recent date provided by subsections (1) through (4). In the case where a petitioner makes claims that do not implicate subsections (2) through (4), the court must determine when the petitioner's conviction became final on direct review and then toll the limitations period for the time taken for any "properly filed" collateral review applications.

Petitioner pleaded guilty on December 19, 2008 and was sentenced on March 3, 2009. The Louisiana Second Circuit Court of Appeal affirmed her conviction and sentence on October 28, 2009. State v. Martorana, 27 So.3d 949, 44,863 (La. App. 2 Cir. 10/28/09). The Supreme Court of Louisiana denied writs of review on May 28, 2010. State v. Martorana, 36 So.3d 246, 2009-2656 (La. 5/28/10). In a case where a convicted person timely pursues his direct appeal through a writ application to the Supreme Court of Louisiana, the conviction and sentence become final for purposes of Section 2244, ninety days after the state's high court enters its judgment, which is when the time to file

a petition for writ of certiorari with the Supreme Court has expired. Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003). Therefore, Petitioner's one-year period commenced 90 days after May 28, 2010 on August 26, 2010.

The federal petition currently before the court was filed in this court on October 28, 2015 and signed by Petitioner on October 26, 2015. Since the federal clock began ticking on August 26, 2010, and Petitioner had one full year in which to file her federal petition, Petitioner would have had to file this petition on or before August 26, 2011. This petition was not filed until October 26, 2015 at the earliest, more than four years too late.

It appears that Petitioner's first state petition for post-conviction relief did toll her federal one-year limitation period, but that Petitioner is still untimely. See supra footnote 1. Petitioner's one year federal limitation period began on August 26, 2010 and continued until she filed her first state post conviction relief application in the trial court on May 5, 2011, encompassing approximately 252 days of the limitation period. From that point, the limitation period was tolled until September 12, 2012, when the Supreme Court of Louisiana denied relief.[2] State ex rel. Martorana v. State, 2012-0221 (La. 9/12/12). Petitioner then had approximately 113 days, or until January 3, 2013 to file her

---

[2] This Court notes that the Louisiana Code of Criminal Procedure provides that a judgment on direct appeal becomes final when the delay (14 days from rendition of judgment) for applying for a rehearing has expired and no application for rehearing has been made. Art. 922. However, the Louisiana Code of Criminal Procedure provides no such provision for applications for post-conviction relief.

federal petition for a writ of habeas corpus in this court. Petitioner did not file her petition in this court until October 26, 2015 at the earliest. Thus, the time in which the limitation period was running exceeded 365 days and Petitioner's federal habeas claim is time-barred.

In addition, the untimely post-conviction filing initiated by Petitioner in July of 2014 does not serve to toll the one-year limitation period, as it was not filed within the one-year period. See supra footnote 1. To toll the federal limitation period at all, a petitioner's post-conviction filings must be filed within the federal one-year period. Petitioner did not file these post-conviction filings until July of 2014, after the limitation period had already expired in January of 2013.

For the foregoing reasons, Petitioner's habeas petition should be dismissed because it is time barred by the one-year limitation period imposed by the AEDPA.

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for writ of habeas corpus be **DENIED AND DISMISSED WITH PREJUDICE**, sua sponte, because it is time barred by the one-year limitation period imposed by the AEDPA. See Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1/6/99).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report

and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under Section 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b). Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within **fourteen (14) days** from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should

issue.

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, this 19th day of January, 2017.

Mark L. Hornsby
U.S. Magistrate Judge